**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

United States of America,

       Plaintiff,

v.

Cornelius Anthony McDade,

       Respondent.

Case No. 24-CR-0252 (JMB/DLM)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

---

This matter is before the Court on the Report and Recommendation (R&R) of United States Magistrate Judge Douglas L. Micko dated April 10, 2026.  (Doc. No. 258.) The R&R recommends granting McDade's Motion to Dismiss the Indictments for Violations of the Speedy Trial Act without prejudice.[1]  (*See generally id.*)  The Government filed objections to the R&R (Doc. No. 262), but McDade did not object or file a response to the Government's objections.  For the reasons discussed below, the Court overrules the Government's objections, adopts the R&R, and grants McDade's motion.

---

[1] There was both an Original Indictment and Superseding Indictment in this matter.  (Doc. Nos. 1, 233.)  In this Circuit, an "original indictment remains pending prior to trial, even after the filing of a superseding indictment, unless the original indictment has been formally dismissed."  *United States v. Rupp*, 994 F.3d 946, 949 (8th Circ. 2021) (quotation omitted).  Given that the Original Indictment in this matter has not yet been formally dismissed, and therefore remains pending, the Court considers McDade's motion to dismiss as it applying to both the Original Indictment and the Superseding Indictment.

1

**BACKGROUND**

The factual background for this matter is set forth in the R&R and because the R&R provides a detailed history, to which neither party has specifically objected, the Court need only briefly summarize it here.

On September 19, 2024, McDade was charged in a three-count Indictment charging him and three other co-defendants with conspiracy to commit bank fraud, bank fraud, and aggravated identity theft.[2]  (Doc. No. 1.)  McDade was arraigned on the Indictment on October 8, 2024.  (Doc. No. 18.)  On December 11, 2025, the Government filed a superseding indictment against McDade.  (Doc. No. 233.)  The Superseding Indictment alleged no new charges.  (*Id.*)

On December 16, 2025, McDade filed his Motion to Dismiss the Indictments with prejudice for violations of the Speedy Trial Act.  (Doc. No. 236.)  The Magistrate Judge concluded that the Superseding Indictment should be dismissed, but recommended dismissal without prejudice.  (Doc. No. 258.)  Specifically, and as it pertains to the parties' disagreements in calculating the number of excludable days that have accrued in this case, the Magistrate Judge concluded that the following nonexcludable time periods accrued, for a total of 179 nonexcludable days:

---

[2] In a multi-defendant case, "all of the defendants are subject to one controlling speedy trial clock and any time periods excluded from the speedy trial calculations for one defendant will be applicable to the other defendants."  *U.S. v. Lightfoot*, 483 F.3d 876, 886 (8th Cir. 2007).  Therefore, for the sake of clarity in this Order, the Court does not specifically reference whether it was McDade or one of his co-defendants who filed any of the pretrial motions being discussed, because this in no way affects the speedy trial clock calculation.

2

    a.      October 8, 2024–October 15, 2024 (7 days)

    b.      April 11, 2025–April 28, 2025 (17 days)

    c.      May 29, 2025–July 11, 2025 (44 days)

    d.      August 1, 2025–August 12, 2025 (12 days)

    e.      August 21, 2025–August 29, 2025 (9 days)

    f.      September 16, 2025–October 6, 2025 (21 days)

    g.      October 8, 2025–November 13, 2025 (37 days)

    h.      November 15, 2025–December 16, 2025 (32 days)

(*Id.* at 7–11.)  McDade did not make any objections to the R&R.  The Government requested an extension to file objections (Doc. No. 260), which the Court granted (Doc. No. 261).  The Government then timely filed a cursory, one-page document that generally incorporated the arguments made to the Magistrate Judge in response to McDade's motion, but the document did not raise any specific arguments to the Magistrate Judge's analysis or conclusions.  (*See* Doc. No. 262.)

## DISCUSSION

After conducting de novo review, *see* 8 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3); D. Minn. L.R. 72.2(b)(3), the Court concurs with the Magistrate Judge.

## I.    SPEEDY TRIAL ACT VIOLATIONS

The Speedy Trial Act requires that a defendant's trial occur "within 70 days of [their] indictment or [their] first appearance, whichever is later." *United States v. Montoya-Salazar*, No. 23-CR-881 (NEB/DJF), 2023 WL 4456880, at *2 (D. Minn. July 11, 2023) (quoting *United States v. Suarez-Perez*, 484 F.3d 537, 540 (8th Cir. 2007)); 18 U.S.C.

3

§ 3161(c)(1).  This speedy trial clock may be extended or paused for various reasons, including "delay resulting from any pretrial motion," 18 U.S.C. § 3161(h)(1)(D), and up to 30 days' worth of delay when "any proceeding concerning the defendant is actually under advisement by the court," *id.* § 3161(h)(1)(H).

The Government objects to the recommended conclusions of the Magistrate Judge that the Speedy Trial Act requires dismissal, arguing that exactly 70 nonexcludable days have accrued. [3]  (Doc. No. 255 at 2.) In particular, the Government makes two arguments that differ from the recommended conclusions of the Magistrate Judge: (1) the Government argues that the unopposed discovery motion from the Government was under advisement during the period of time from April 11, 2025–April 28, 2025, justifying exclusion of this time; and (2) the Government argues that the periods of time from May 29, 2025–July 11, 2025, September 16, 2025–October 6, 2025, and October 8, 2025–November 13, 2025, should be retroactively excluded under the interests of justice.  The Court disagrees with both arguments and concurs with the recommended conclusions of the Magistrate Judge.

The parties agree McDade's speedy trial clock began to run on October 8, 2024, when McDade had his initial appearance before the Court.  (Doc. 14); *see* 18 U.S.C. § 3161(c)(1).  The parties also agree that no exclusion to the Speedy Trial Act stopped the clock from running until the Government filed its Motion for Discovery on October 15,

---

[3] The Government makes no request to exclude any future time and makes no argument that the period of time that would begin upon entry of this Order should be excluded. Absent some argument, the Court is also concerned that following entry of this order, Mr. McDade's speedy trial rights would be violated, even under the Government's own calculations.  Nevertheless, the Court need not address this, given its conclusion that more than 70 days have already accrued.

2024.  Excluding the day that the Government filed their discovery motion, this adds 7 days to McDade's speedy trial clock.  Then on October 15, 2024, the clock was paused due to the Government's pending discovery motion.[4]  *See* 18 U.S.C. § 3161(h)(1)(D).  On April 11, 2025, the Magistrate Judge issued an Order in response to the Defendants' no-motions letters, cancelling the motion hearing and directing Defendants to contact this Court to schedule future proceedings.  (Doc. No. 108.)  McDade's speedy trial clock therefore restarted on April 12, 2025.  The next motion filed was on April 28, 2025, seeking to exclude time under the Speedy trial Act until May 28, 2025. [5]  (*See* Doc. Nos. 112–14.)

It is at this point that the parties' speedy trial clock calculations diverge.  McDade argues that his speedy trial clock restarted on April 12, 2025, because the Magistrate Judge directed the parties to contact the district court judge's chambers regarding any future proceedings, indicating that the Government's discovery motion was no longer under advisement, on April 11, 2025.  *See* 18 U.S.C § 3161(h)(1)(H) (stating that "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court" shall be

---

[4] In his Motion to Dismiss McDade reserved his right to argue that his speedy trial clock was restarted from December 14, 2024, through December 30, 2024 (Doc. No. 236 at 2); however, McDade raised no objections to the R&R's analysis to not count these sixteen days and the Court agrees with the R&R's analysis that the clock remained paused through this time because of pending pretrial motions.  (*See* Doc. No. 258 at 7.)

[5] McDade also argues that this time should not be excluded from his speedy trial clock because it was made on his co-defendant's motion and not his—this, however, is inapposite. *See U.S. v. Lightfoot*, 483 F.3d 876, 886 (8th Cir. 2007) (holding that all of the defendants are subject to one controlling speedy trial clock and any time periods excluded from the speedy trial calculations for one defendant will be applicable to the other defendants.").

excluded).  The Government, however, argues that because McDade did not file a response to the Government's discovery motion, that the court did not have all the necessary briefings for the discovery motion to be taken under advisement until April 11, 2025.  (Doc. No. 255 at 5.)  The Government then argues that the "30-day window" in which the Government's motion was under advisement, and excludable from the speedy trial clock, began on April 11, 2025.

The Court agrees with the Magistrate Judge and concludes that the Government's discovery motion was not "*actually* under advisement" during this period of time.  18 U.S.C § 3161(h)(1)(H) (emphasis added).  Importantly, the April 11, 2025 Order canceling the motion hearing and directing the parties "to immediately contact the chambers of the District Judge assigned to this case to schedule future proceedings" (Doc. No. 108) is inconsistent with the existence of a pending nondispositive motion that could remain under advisement by the Magistrate Judge.  The plain language of this order indicates that the Government's discovery motion was no longer under advisement.

Further, in the R&R, the Magistrate Judge clearly and unequivocally stated that as of April 11, 2025, "the Court no longer considered the government's discovery motion 'actually under advisement' after receiving Defendants' no-motions letters."  (Doc. No. 258 at 8.)  The Magistrate Judge—not the Government—determines whether a motion is taken under advisement, and if so, for how long.  Here, the Government makes no argument specifically addressing this clear determination in the R&R.  In fact, the only argument the Government makes relies on a mischaracterization of the holding in *United States v. Williams*, 557 F.3d 943, 952 (8th Cir. 2009) (quoting *United States v. Mentz*, 840 F.2d 315,

6

327 (6th Cir. 1988)).  Contrary to the Government's argument (Doc. No. 255 at 5), neither *Williams*, *Mentz*, nor any other case cited in *Williams*, stands for the proposition that section 3161(h)(1)(H) requires automatic exclusion of thirty days when a defendant does not respond to the Government's discovery motion.  Rather, *Williams* and *Mentz* address the interplay between section 3161(h)(1)(D) (permitting exclusion of time from "the filing of any [pretrial] motion through the conclusion of the hearing on, or other prompt disposition of, such motion") and section 3161(h)(1)(H) (permitting exclusion of no more than thirty days once a motion is actually under advisement).  *Williams*, 557 F.3d at 952; *Mentz*, 840 F.2d at 327.  Pursuant to the holding in *Williams* and *Mentz*, section 3161(h)(1)(D) applies when, as here, "no additional submissions are required."  Properly applied to this case, the Court concurs with the Magistrate Judge's conclusion that the Government's unopposed discovery motion was not under advisement after April 11, 2025, and section 3161(h)(1)(H) does not permit exclusion of the period of time following April 11, 2025.[6] McDade's speedy trial clock therefore restarted on April 12, 2025.

Turning to the Government's second argument—that the periods of time from May 29, 2025–July 11, 2025, September 16, 2025–October 6, 2025, and October 8, 2025–November 13, 2025, should be retroactively excluded under the interests of justice—the

---

[6] A careful review of the docket in this case shows that the Court's October 9, 2024 Order (Doc. No. 19) required McDade to disclose the items requested in the Government's boilerplate discovery motion filed several days later on October 15, 2024 (Doc. No. 22). Indeed, the Government's general objections (Doc. No. 262) make no attempt to explain what additional disclosures, if any, were not already ordered, or what additional request could possibly have remained under advisement in light of the discovery requirements set forth in the October 9, 2024 Order.

Court again concurs with the Magistrate Judge, concluding that the Court cannot retroactively exclude periods of time under the "ends of justice" provisions of the Speedy Trial Act.  The Government makes no mention in its response brief of the general prohibition against retroactive continuances.  *See United States v. Suarez-Perez*, 484 F.3d 537, 542 (8th Cir. 2007) ("The Speedy Trial Act does not provide for retroactive continuances." (citing *United States v. Janik*, 723 F.2d 537, 545 (7th Cir. 1983) (holding a "continuance itself must be granted before the period sought to be excluded begins to run.  Since the Act does not provide for retroactive continuances a judge could not grant an 'ends of justice' continuance" after the fact))).  In the R&R, the Magistrate Judge referenced and quoted this legal authority.  (Doc. No. 258 at 9 n.3.)  Again, the Government's general objections make no attempt to justify the requested retroactive exclusion of nearly 100 days—even after the R&R directed the Government's attention to this binding authority.  Moreover, the filing of the Superseding Indictment in this matter, which charges McDade with the same offenses as in the original indictment, does not cause the speedy trial clock to start over or otherwise permit the Court to disregard the number of nonexcludable days that have accrued under the original indictment, and both indictments must be dismissed.  *United States v. Sachakov*, 812 F. Supp. 2d 198, 207 (E.D.N.Y. 2011) (quoting *United States v. Gambino,* 59 F.3d 353, 362 (2d Cir.1995)); (*compare* Doc. No. 1 *with* Doc No. 233).[7]

---

[7] The Government makes no argument that the filing of the Superseding Indictment started a new 70-day period or that the number of nonexcludable days that accrued under the Original Indictment are excludable under the superseding indictment.

The Court concludes that the following nonexcludable time periods accrued, for a total of 171 nonexcludable days:

a. October 8, 2024–October 14, 2024 (7 days)

b. April 12, 2025–April 27, 2025 (15 days)

c. May 29, 2025–July 10, 2025 (43 days)

d. August 1, 2025–August 11, 2025 (11 days)

e. August 21, 2025–August 28, 2025 (8 days)

f. September 16, 2025–October 5, 2025 (20 days)

g. October 8, 2025–November 12, 2025 (36 days)

h. November 15, 2025–December 15, 2025 (31 days)[8]

Therefore, because McDade's speedy trial clock had already expired by the time the Superseding Indictment was filed on December 11, 2025, the Speedy Trial Act violation from the Original Indictment carried over to the Superseding Indictment, and the proper remedy is that both Indictments should be dismissed.

## II. DISMISSAL WITH OR WITHOUT PREJUDICE

When there is a violation of the Act's 70-day time limit, dismissal of the indictment is mandatory, on the defendant's motion. 18 U.S.C. § 3162(a)(2). The district court retains discretion to dismiss with or without prejudice. *United States v. Koory*, 20 F.3d 844, 846

---

[8] The Court notes that this is a slightly lower number of nonexcludable days than what the Magistrate Judge determined had accrued in the R&R. This may be attributable to the Court's decision to exclude the day of the event that would trigger pausing or restarting the speedy trial clock. *See* Fed. R. Crim. P. 45(a)(1). The differences between the Court's calculations and the calculations in the R&R are not meaningful ones, however, given that under either framework there has been a Speedy Trial Act violation of over 100 days.

9

(8th Cir. 1994) (further citations omitted). The Court agrees with the R&R's recommendation that the matter be dismissed without prejudice.

Pursuant to 18 U.S.C. § 3162(a)(2), when determining whether a Speedy Trial Act violation warrants dismissal with or without prejudice courts should consider factors such as "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a re-prosecution on the administration of this chapter and on the administration of justice."  While McDade requested that this matter be dismissed with prejudice, he made no substantive argument to support his position, nor did he submit any objections to the R&R's recommendation for dismissal without prejudice.  Nevertheless, the Court agrees with the analysis in the R&R that each factor weighs in favor of dismissal without prejudice due to: (1) the severity of the offenses which carry up to thirty years in prison; (2) the alleged conduct resulted in approximately $450,000 in stolen money; (3) there is no evidence that the delay was in bad faith or to gain a tactical advantage; and (4) there is no evidence that the re-prosecution of McDade would adversely impact the administration of justice or of the Speedy Trial Act.  (*See* Doc. No. 258 at 13.)

## ORDER

Accordingly, after *de novo* review and based upon all the files, records, and proceedings in the above-captioned matter, IT IS HEREBY ORDERED THAT:

1.    The Government's Objections (Doc. No. 262) are DENIED.

2.    The R&R (Doc. No. 258) is ADOPTED.

3.    McDade's Motion to Dismiss the Indictment (Doc. No. 236) is GRANTED.

4.    The Original Indictment (Doc. No. 1) is DISMISSED WITHOUT

PREJUDICE.

5.      The Superseding Indictment (Doc. No. 233) is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: June 12, 2026                              /s/ *Jeffrey M. Bryan*
                                                  Judge Jeffrey M. Bryan
                                                  United States District Court